Staples, J.
This is an action of debt upon a promissory note executed by Lewis, Crawford & Co. to Mrs. *Anne Davisson on the 19th of April, 1862, for the sum of eight hundred and sixty-two dollars and fifty cents, payable on or before the 1st day of April, 1864, “being the third and last instalment on a tract of land.” At the time this action was brought in the year 1868, the note was in the possession of John F. Lewis, one of the defendants, and a mem ber of the firm of Lewis, Crawford & Co., and had been so in his possession ever since the year of 1864, with the names of the makers torn from the paper. The first question arising here is, whether the action can be maintained under such circumstances. If the note has not been paid, and is improperly withheld from the plaintiff, the mere possession of the defendant cannot. affect the plaintiff’s’ right of recovery. It is equally clear, that the unauthorized alteration or even destruction of the instrument by the party executing it, will not preclude the payee or other person entitled from maintaining his action thereon. The authorities upon this point are numerous and decisive. 3 Rob. Prac. 27, 28; 5 Rob. Prac. 758 to 764; Smith Lead. Cases, vol. 1, pt. 2, 279. In the present case, whether the note in controversy had been paid or satisfied by the dealings between the parties, whether the defendants were authorized to cancel the instrument by tearing off the names, was a question or questions of fact for the jury under the instructions of the court. The only point, therefore, we have to consider is, first, whether the instructions were properly given; and secondly, whether the verdict is sustained by the evidence. The court, on the mot;on of the plaintiff, give the jury nine instructions. The 1st, 2d, 3d, 4th, 5th, 7th and 9th, have no. *417 special bearing upon the controversy here, and require no particular notice. The defendant’s objections relate mainly to the 6th and 8th instructions. It is insisted that they leave out of view the effect of any ratification by Mrs. Davisson; *that they ignore entirely the new or substituted contract of the parties, and confine the jury to the consideration of certain isolated facts as conclusive of the case.
The sixth instruction affirms that the paper known as Receipt B, is no satisfaction or extinguishment of the note upon which the action is founded, unless the jury is satisfied that the defendants paid to Mrs. Davisson the new issue of Confederate currency, as stipulated in that receipt.
The eighth instruction states the facts hypothetically; that is to say, if the jury believe that Mrs. Davisson’s agent, James A. Patterson, received the Confederate currency from the defendants’ agent, and delivered to said agent the note in controversy, with the understanding that the note was to be returned if Mrs. Davisson declined to receive the currency, and that Mrs. Davis-son did refuse to receive the currency, and the same was thereupon restored to the defendants, then the note is not paid, and the jury must find for the plaintiff.
It is not material now to inquire whether these instructions are justly liable to the criticism of defendants’ counsel. The instruction given at the instance of the defendants removes the difficulty, if any, growing out of the restricted terms of the plaintiff’s instruction. The defendants’ instruction fairly presented the question of the operation and effect of Receipt B, as a new and substituted agreement, if the jury believe it was so accepted in lieu of the note now in controversy. The qualification or addition made to that instruction by the court was very proper under the circumstances. The mere fact that Mrs. Davisson had accepted the receipt and claimed under it, and ratified thereby what her agent had done, was not of itself sufficient to discharge the note, unless the receipt was received in satisfaction of *the original demand; and so the court very properly said to the jury.
The plaintiff’s and defendants’ instructions taken together, with the qualification suggested by the court, fairly state the law applying to the case, and leave no just complaint to either party.
It only remains to inquire whether the verdict is so manifestly in conflict with the evidence as to authorize this, court to set it aside. The learned judge of the circuit court has given a certificate of the facts proved on the trial. I do not consider it important to enter into a discussion of these facts. It is only necessary to allude to a few of the most prominent.
Tt is very manifest throughout that the only question arising in the case is, whether the action can be maintained oh the original demand, or whether the plaintiff ought to have proceeded on the receipt or submitted agreement, as it is called. It is not pretended that the note has been paid. The sole ground of defence is that the receipt was accepted in satisfaction of the note, and the action ought to have been brought on the substituted agreement, and not on the note. In support of this proposition, the counsel for the defendants relies upon the doctrine as laid down in certain cases, that although the new agreement may not be good as an accord and satisfaction, it may be good as a substituted agreement, and as such constitutes a discharge of the original demand, although not performed at the time of the suit.
The great weight of modern authority certainly supports this doctrine. Ordinarily, where the debtor’s own security, not negotiable and of no higher nature than the simple contract, is taken, it is not considered as a payment or satisfaction, unless there be an agreement so to consider it. In the absence of proof, the natural inference *is that a promise to perform is not a satisfaction unless it be fulfilled. It must be shown that the parties intended the debt to be extinguished, whether the promise was or was not performed. Even where a negotiable note of the debtor is given, it operates only as a conditional payment, unless the parties agree to treat it as an absolute payment. Upon the dishonor of the instrument, if the creditor be in no default, his right of recovery revives upon the original cause, of action. The party relying upon the new note as a satisfaction or extinguishment of the original demand, must in all cases make the fact clearly and satisfactorily appear that such was the agreement or understanding. In the absence of such proof, it will not be presumed that a creditor having a perfectly valid claim has surrendered it without consideration, merely to substitute another cause of action in its place. 2 Am. Dead. Cas. 263 to 274; Smith Dead. Cas. Vol. 1, pt. 1, 451, 611-616; 7 Rob. Prac. 531; 5 Rob. Prac. 735-6.
Del us apply these principles to the case in hand. In the first place it is not pretended, there is not even a suggestion, that the note in controversy was payable in Confederate currency, or was even entered into with reference to such notes as a standard of value. No such question is raised anywhere in the record. The verdict of the jury is for the nominal amount of the note, and no exception was taken to the finding upon the ground that the scale of depredation ought to have been applied to the debt. It must, therefore, be assumed that the contract was to pay in a sound currency.
Now, when it is claimed that a creditor has surrendered a perfectly valid claim oi this sort without consideration for a mere promise to pay in a highly depreciated currency, the evidence in support of such a pretension ought to be very clear and satisfactory. If the note had *been surrendered and cancelled at the time the receipt was given, there might be some foundation for the claim of a new agreement. But such was not the fact. At that very time it was expressly agreed that the *418 note should be returned to Mrs. Davisson. It would have been then surrendered to her agent, but it was in the possession of Mr. Lewis, who was absent. It is obvious that none of the parties regarded the note as satisfied or discharged, and that all of them considered the receipt as a mere voucher for the debt until the note could be returned to the rightful owner. The promise to accept payment in the new issue of the Confederate currency was without any consideration whatever. It was a mere privilege accorded the debtors; and 'in view of the rapid depreciation of the money, it was incumbent upon them to be prompt and dili-igent in making the payment. But they never made any such payment to Mrs. Davisson. They never even offered her the money. It is very true that on two occasions they proposed to pay Mr. Patterson, but he informed them that the paper was not in lfis possession, and that he was no longer Mrs. Davisson’s agent. Why did they then not apply to her? They do not tell us. They have not even attempted an excuse for their failure. The only solution of their conduct is that they were unable to use the money more profitably in the business in which they were engaged.
The whole case resolves itself into an attempt to discharge a perfectly valid debt payable in a-sound currency, by a mere promise without consideration on either side, to pay in Confederate currency; a promise never performed, or even attempted to be performed.
The plaintiff is to be turned around to another suit on the receipt, which, if not barred by limitation, can only result in a recovery of, perhaps, one-tenth of a perfectly *valid claim. The verdict is not only fully sustained by the evidence, but it is a just and proper finding.
My opinion is, therefore, to approve the judgment of the circuit court.
The other judges concurred in the opinion of Staples, J.
Judgment affirmed.